UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
|     MILTON R. CUTLER, | § | CASE NO. 15-31634-H2-11 |
|     DEBTOR | § | |
| _____ | § | |
| ANNA and JOHN CICUR | § | |
|     Plaintiffs | § | |
| v. | § | Adversary No.15-03181 |
| | § | |
| MILTON R. CUTLER, and | § | |
| CUTLER LAW GROUP, P.C. | § | |
|     Defendants | § | |
| | § | |

## DEFENDANTS' ORIGINAL COUNTERCLAIM

**TO THE HONORABLE DAVID R. JONES,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Subject to and without waiving their Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, Combined with Defendants' Motion Under Rule 9(b), Defendants/Counter-Plaintiffs Milton R. Cutler and Cutler Law Group, P.C. ("Counter-Plaintiffs") bring this Original Counterclaim against Anna and John Cicur, Plaintiffs and Counter-Defendants herein, and respectfully show as follows:

### I. Jurisdiction and Venue

1. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §157 and §1334. This counterclaim constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A)-(C), and (I)-(J).

2. In accordance with L.B.R. 7008-1, Counter-Plaintiffs consent to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent by the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§1408-1409, because the above-captioned main bankruptcy case is pending in this district and the claims asserted herein arise under Title 11 or arise in or are related to a case under Title 11.

## II.  Background Facts

4. During May, 2010, Counter-Defendants Anna and John Cicur (the "Cicurs") provided $1 million bridge loan financing to Amstem Corporation ("Amstem"), a stem cell cosmetics company.

5. As part of the Loan transaction, Amstem and the Cicurs entered into a Pledge Agreement of even date, wherein Amstem deposited stock certificates representing 177,875,865 of the common stock of Histostem Co., LTD with Counter-Plaintiff Cutler Law Group, PC ("Cutler Law") as the Escrow Agent, pursuant to an Escrow Agreement between the Cicurs, Amstem and Cutler Law.

6. Counter-Plaintiffs acted solely as the Escrow Agent in the financing transaction, and had no direct communications whatsoever with the Cicurs.

7. Apparently, Amstem defaulted on the loan in late 2010.

8. The Cicurs never contacted the Counter-Plaintiffs nor made demand for the pledged stock certificates.

9. The Cicurs sued multiple parties involved in the financing transaction in state court in Tarrant County, Texas, including the Counter-Plaintiffs herein, and upon information and belief, settled with the other parties except for the Counter-Plaintiffs in this case.

10. The Cicurs filed a claim in the Chapter 11 main case of Counter-Plaintiff Milton R. Cutler ("Cutler" or "Debtor"), in the amount of $1,045,783.  The Debtor listed the claim on his bankruptcy schedules as unliquidated and disputed.

11. The Cicurs subsequently instituted this Adversary Proceeding on June 26, 2015, seeking or alleging, *inter alia*, recovery of money/property under FRBP 7001(1), non-dischargeability of debt pursuant to 11 U.S.C. §§523(a)(2)(A), (a)(2)(B), (a)(4),

(a)(6) and (a)(19), alleged violations of Section 33 of the Texas Securities Act, fraud, fraudulent inducement, fraudulent concealment, breach of fiduciary duty, negligence, negligent misrepresentation, statutory fraud under Tex. Bus. & Com. Code §27.01, and professional negligence and malpractice.

12. The Escrow Agreement provides that the Cicurs shall indemnify the Escrow Agent (Cutler Law) and hold the agent harmless from all loss, liability or expense, including the cost of defense, unless arising from gross negligence, willful misconduct or bad faith on the part of the Escrow Agent.

13. The Escrow Agreement further provides that the Escrow Agent has no implied obligations or responsibilities under the agreement, nor is the Escrow Agent a party to any other agreement entered into among the Parties.

### III.  Causes of Action

### Count 1: Objection to Cicurs' Claim and Proceeding to Determine Dischargeability

14. Counter-Plaintiffs incorporate the preceding paragraphs herein by reference.

15. Counter-Plaintiffs dispute that the Cicurs have any legitimate claim against them, and the purported claims lack any basis in fact or law.  Cutler Law acted solely as an escrow agent in the subject financing transaction, and entered into an escrow agreement with Amstem and the Cicurs, which was executed by Cutler, acting as president of Cutler Law.  Pursuant to Federal Rules of Bankruptcy Procedure 4007 and 7001(6), to the extent that the Cicurs' claim is considered a debt as defined under the Bankruptcy Code, the Debtor contends that such debt, if any, is dischargeable.  The Counter-Plaintiffs further dispute the amount claimed by the Cicurs in its entirety.

### Count 2: Recovery Under the Indemnity Provisions Under the Escrow Agreement

16. Counter-Plaintiffs incorporate the preceding paragraphs herein by reference.

17. The Escrow Agreement provides that the Cicurs shall indemnify the Escrow Agent

(Cutler Law) and hold the agent harmless from all loss, liability or expense, including the cost of defense, unless arising from gross negligence, willful misconduct or bad faith on the part of the Escrow Agent.

18. The Escrow Agreement further provides that the Escrow Agent has no implied obligations or responsibilities under the agreement, nor is the Escrow Agent a party to any other agreement entered into among the Parties.

19. Pursuant to that Escrow Agreement, Counter-Plaintiffs seek recovery of all loss, liability and/or expense, including the cost of defense and their reasonable and necessary attorney's fees in the prosecution of this counterclaim, from the Cicurs.

WHEREFORE, Defendants Milton R. Cutler and Cutler Law Group, P.C. request that the Court dismiss all of Plaintiffs' claims against the Defendants, that judgment be granted in favor of Defendants/Counter-Plaintiffs, that Defendants/Counter-Plaintiffs be granted recovery of all loss, liability or expense, including the cost of defense and their reasonable and necessary attorney's fees in the prosecution of this counterclaim, and that the Court grant Defendants/Counter-Plaintiffs such other relief as is just and equitable.

Respectfully submitted,

LAW OFFICE OF
C. ZAN PRITCHARD, PLLC

*/s/ Zan Pritchard*
C. Zan Pritchard
TSB No. 24028084
2002 Saddlehorn Trail
Katy, TX 77494
Phone: 832.304.2248
Fax: 832.260.0677
zpritchard@zanpritchardlaw.com
**ATTORNEY FOR DEBTOR and
CUTLER LAW GROUP, P.C.**

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing pleading has been served by electronic notification or email or facsimile or regular mail by depositing same, postage prepaid, in the custody of the United States Postal Service, on the 10th day of September, 2015, as shown below.

*Via Email: jeff.whitfield@kellyhart.com*
Jeff Whitfield
201 Main Street, Ste. 2500
Fort Worth, TX 76102
Facsimile: 817-878-9280

C. Zan Pritchard